**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

MIGUEL A. MALDONADO,

                      Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-CV-06483 (WFK) (ST)

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Miguel A. Maldonado (the "Plaintiff") moves for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Pl.'s Mot. for Att'y Fees ("Pl's Mot."), ECF No. 29.  The Honorable William F. Kuntz, II referred the motion to this Court for a Report and Recommendation. *See* Order, 17-cv-06483 (E.D.N.Y. May 13, 2021).  For the reasons stated below, this Court respectfully recommends that the Plaintiff's motion be GRANTED in part and DENIED in part.

    I.      BACKGROUND

      Plaintiff commenced this case on November 7, 2017, seeking review of a denial of his application for benefits by the Social Security Administration's ("SSA"). *See* Complaint, ECF No. 1.  On June 9, 2020, Judge Kuntz granted the Plaintiff's motion for judgment on the pleadings, to the extent that the District Court remanded the action to the SSA for further administrative proceedings. *See* Mem. and Order, 17-cv-06483 (E.D.N.Y. June 9, 2020).  Thereafter, the SSA held a second hearing and issued a favorable decision for Plaintiff. *See* Pl's Mot. Ex. 3 ("ALJ Decision"), ECF No. 29-4.

      On April 25, 2021, the SSA mailed a Notice of Award to Plaintiff stating he was entitled

to $122,307.37 in unpaid benefits. *See* Pl.'s Mot., Ex. 4 ("Notice of Award"), ECF No. 29-5. The Notice of Award explained that 25% of that award, $40,796.13, was being withheld to cover any approved attorney fees under Section 206(B) of the Social Security Act, and that if any fees were already paid to his attorney under the Equal Access to Justice Act ("EAJA") for the same work, the smaller of the two fees must be returned. *See id.*

On June 17, 2020, the District Court approved a stipulation between Plaintiff and the Commissioner of the SSA (the "Commissioner" or "Defendant") awarding Plaintiff's counsel $7,622.00 in fees under the EAJA. *See* Stipulation and Order, 17-cv-06483 (E.D.N.Y. June 17, 2020); *see* Decl. of Daniel A. Osborn ("Osborn Decl."), ECF No. 29-1. On May 7, 2021, twelve days after the SSA issued the Notice of Award, Plaintiff filed the instant motion for attorney's fees, Pl's Mot., ECF No. 29, which was thereafter referred to this Court for a Report and Recommendation. *See* Order, 17-cv-06483 (E.D.N.Y. May 13, 2021). Plaintiff's counsel requests a fee of $30,576.85, which equals 18.25% of Plaintiff's past-due benefits. *See* Osborn Decl. ¶ 24, ECF No. 29-1. In support of his request, Plaintiff's counsel provides, *inter alia*, a signed contingency-fee retainer agreement, Osborn Decl., Ex. 1 ("Retainer Agreement"), ECF No. 29-2, and a copy of the letter and time records that he submitted in connection with the EAJA stipulation, *see* Osborn Decl., Ex. 2 ("Time Records"), ECF No. 29-3. Therein, Plaintiff's counsel explains that he worked a total of 37 hours in connection with this case. *See* Osborn Decl. ¶ 18, ECF No. 29-1; Time Records, ECF No. 29-3.

Defendant filed its response to Plaintiff's motion on May 13, 2021. *See* Def.'s Resp., ECF No. 31. In it, they stated that an award of $30,576.85 is under the 25% statutory maximum, that there was no evidence of fraud or overreaching in the contingency fee agreement, that the award would create a *de facto* hourly rate of $826.40 for Plaintiff counsel's 37 hours of work,

2

and that the motion for fees appeared to be timely. *Id.* at 2-3. Finally, they noted that Plaintiff's counsel cannot receive both 406(b) fees and EAJA fees for the same work, so should the Court grant the instant motion, the lesser of the two fee awards would need be repaid. *Id.* at 3.

## II. STANDARD OF REVIEW

In relevant part, 42 U.S.C. § 406(b)(1) states that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter, who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% percent of the total of past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A). In this context, courts will enforce contingency fee arrangements unless they are unreasonable. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Under § 406(b), a contingent-fee agreement cannot exceed 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A). Even if a contingent-fee agreement limits fees to the statutory cap, a court must still review the agreement "as an independent check, to assure ... reasonable results in particular cases." *Gisbrecht v. Barnhart*, 525 U.S. 789, 807 (2002). Because "Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' " the party seeking the fee award "bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. Therefore, regardless of whether the Commissioner opposes it, the Court must review the asserted reasonableness of the request. *Ewald v. Comm'r of Soc. Sec.*, 2008 WL 4104458, at *1 n.1 (E.D.N.Y. Sept. 3, 2008).

## III. DISCUSSION

### A. Timeliness

3

Before addressing the reasonableness of Plaintiff counsel's requested fee, the Court must decide the threshold issue of timeliness.

"Although 42 U.S.C. § 406(b) contains no time limitation for filing a motion for attorney's fees, the Second Circuit has determined that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure provides the applicable limitations period for filing § 406(b) motions." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019) (internal quotation marks omitted)). Pursuant to Rule 54(d)(2)(B), a post-judgment motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "[I]n the context of § 406(b) motions …the 14-day time limit under Rule 54(d)(2)(B) is subject to equitable tolling when [parties] … must await the SSA Commissioner's calculation of benefits." *Williams*, 2021 WL 4480536, at *2 (quoting *Sinkler*, 932 F.3d at 87-88, 91) (internal quotation marks omitted)). The relevant date when the equitable tolling period ends and the 14-day filing period begins to run is "when counsel receives notice of the benefit award." *Id.* (quoting *Sinkler*, 932 F.3d at 88). Further, the 14-day limitation period for fee applications "is not absolute." *Sinkler*, 932 F.3d at 89-90 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)). "[D]istrict courts are empowered to enlarge that filing period where circumstances warrant … [and appellate courts will] generally defer to a district court in deciding when such an alteration is appropriate." *Sinkler*, 932 F.3d at 89-90 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)).

4

In this case, the Notice of Award is dated April 25, 2021. *See* Notice of Award, ECF No. 29-5.  It is presumed that Plaintiff's counsel received the letter three days later, thus starting the 14-day period on April 28, 2021. See *Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing.").  14 days after April 28, 2021 is May 12, 2021.  Therefore, Plaintiff's filing date of May 7, 2021, falls well within the 14-day period.

### B. Reasonableness

Plaintiff's counsel requests an award of $30,576.85, pursuant to a contingency fee agreement. *See* Osborn Decl. ¶ 24; *see* Retainer Agreement, ECF No. 29-2.  Generally, contingency fee arrangements will be enforced unless they are unreasonable. *See Wells*, 907 F.2d at 370.  In deciding whether a fee is unreasonable, courts consider "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *see also Gisbrecht*, 535 U.S. at 808.  To determine whether an award would constitute a windfall, courts in this circuit have identified several considerations, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, No. 06 CV 1150, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, No. 05 CV 1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)).

Plaintiff's counsel's request equals 18.25% of the past-due benefits. *See* Osborn Decl. ¶ 24, ECF No. 29-1.  This percentage is below the 25% agreed upon in the Retainer Agreement,

5

which is also the maximum allowed under 42 U.S.C. § 406(b)(1)(A). *See* Retainer Agreement, ECF No. 29-2.  Additionally, Plaintiff's counsel secured a positive outcome for the Plaintiff by working 37 hours on his case, which is within the acceptable range for social security matters. *See, e.g., Almodovar v. Saul*, No. 16 CV 7419, 2019 WL 6207784, at *3 (S.D.N.Y. Nov. 21, 2019) (citing *Borus v. Astrue*, No. 09 CV 4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012)).  However, the *de facto* hourly rate of $826.40 is above the rate generally found reasonable by courts in this district for similar work. *See Mohammed v. Comm'r of Soc. Sec.,* No. 17-CV-4892 (WFK), 2020 WL 5640398, at *1 (E.D.N.Y. Sept. 22, 2020) (reduced a *de facto* hourly rate of $988.14 to $500 on similar facts); *see also, Mitchell v. Astrue*, No. 09 CV 83, 2019 WL 1895060, at *6 (E.D.N.Y. Apr. 29, 2019) (reducing fee to result in a *de facto* hourly rate of $500) (citing cases); *Karki v. Comm'r of Soc. Sec.*, No. 13 CV 6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (reducing *de facto* hourly rate from $1,066 to $500); *Thompson v. Colvin*, No. 15 CV 6064 (E.D.N.Y. June 5, 2018) (text order) (reducing § 406(b) fee from $40,000 ($941.18 per hour) to $20,100 ($500 per hour)); *Rivera v. Berryhill*, No. 13 CV 5060, 2018 WL 2436942, at *2-3 (E.D.N.Y. May 30, 2018) (reducing § 406(b) fee from $34,547.25 ($874.61 per hour) to $19,750 ($500 per hour)); *Heffernan v. Astrue,* 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. Feb. 10, 2015) (reducing fee award to a sum reflecting hourly rate of $350 down from $1,000); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638-39 (E.D.N.Y. Jan. 24, 2015) (reducing hourly rate from $1,000 to $350); *Muniz v. Astrue*, No. 09 CV 3954, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) (reducing § 406(b) fee from $10,000 ($1,333.33 per hour) to $2,500 ($333.33 per hour); *George v. Astrue*, No. 04 CV 1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (reducing hourly rate from $1,275.34 to $542.92); *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing hourly rate from

$1,334.17 to $447.76). Indeed, "courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable." *Mohammed,* 2020 WL 5640398 at *2 (E.D.N.Y. Sept. 22, 2020) (citing *Tamburri v. Saul*, No. 16 CV 5784, 2019 WL 6118005, at *3 (E.D.N.Y. Nov. 18, 2019) (citing cases)).

Accordingly, this Court respectfully recommends that the Plaintiff's motion for attorney's fees and related relief be granted, but that Plaintiff counsel's request for an award of $30,576.85 be denied, and that the *de facto* hourly rate of $826.40 be reduced to $500, resulting in an award of $18,500.00 ($500 x 37 hours). Additionally, deducting the $7,622.00 EAJA credit which Plaintiff's counsel has already received, s*ee* Stipulation and Order, 17-cv-06483 (E.D.N.Y. June 17, 2020), results in a net award of $10,878.00. *See Tamburri,* 2019 WL 6118005, at *3.

### IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) be GRANTED in part and DENIED in part, and that Plaintiff's counsel be awarded $10,878.00.

#### A. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No.

15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

          /s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       January 14, 2022

8