UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIGUEL A. MALDONADO,

        Plaintiff,

        v.                              **MEMORANDUM & ORDER**
                                        17-CV-6483 (WFK)
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court are Plaintiff's motion for $30,576.85 in attorneys' fees and the Report and Recommendation ("R&R") from the Honorable Magistrate Judge Steven Tiscione, recommending the Court grant in part and deny in part Plaintiff's motion. For the reasons below, the Court adopts the following portions of the R&R and grants in part and denies in part Plaintiff's motion.

## **PROCEDURAL HISTORY**

In October 2017, Plaintiff engaged Osborn Law for legal representation in connection with the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. Osborn Decl. ¶ 8, ECF No. 29-1. On November 7, 2017, Plaintiff filed a Complaint, seeking judicial review of the SSA's decision. *See* Complaint, ECF No. 1. On June 9, 2020, this Court granted Plaintiff's motion for judgment on the pleadings to the extent it sought to remand the action to the SSA for further administrative proceedings. *See* Mem. and Order, ECF No. 25. Upon remand to the SSA, an administrative law judge ("ALJ") found Plaintiff to be disabled and issued a Notice of Award on April 25, 2021, informing Plaintiff he

was entitled to $122,307.37 in past due benefits and that the SSA would withhold $40,769.13 in past-due benefits for the payment of any attorneys' fees approved under 42 U.S.C. § 406(b).[1]

On June 17, 2020, this Court approved a stipulation between Plaintiff and the Commissioner of the SSA (the "Commissioner") awarding Plaintiff's Counsel $7,622.00 in fees under the Equal Access to Justice Act ("EAJA"). *See* Stipulation and Order, ECF No. 28. On May 7, 2021, Plaintiff filed the instant motion for attorneys' fees, Pl's Mot., ECF No. 29, seeking a fee of $30,576.85. *See* Osborn Decl. ¶ 24. In support of his request, Plaintiff's counsel states he worked a total of 37 hours in connection with this case, resulting in a *de facto* hourly rate of $826.40. *See Id.* ¶ 18; Time Records, ECF No. 29-3.

The motion was subsequently referred to Magistrate Judge Tiscione for an R&R. *See* Order, ECF No. 32. On January 14, 2022, Magistrate Judge Tiscione issued the R&R, recommending this Court grant in part and deny in part Plaintiff's motion for attorneys' fees. R&R, ECF No. 33. Specifically, the R&R (1) finds Plaintiff timely filed the motion for attorneys' fees; (2) finds the *de facto* hourly rate of $826.40 exceeds the rate "generally found reasonable by courts in this district for similar work," citing cases reducing fees; and (3) recommends granting the motion for attorneys' fees but in the reduced aggregate amount of $10,878.00, representing a *de facto* hourly rate of $500.00, minus an offset of the EAJA credit. R&R at 4-7.

On January 28, 2022, Plaintiff filed an objection to the R&R. Pl. Objection, ECF No. 34.

---

[1] The Court notes the sum withheld for the payment of attorneys' fees – $40,769.13 – appears to constitute more than 25% of past-due benefits. 25% of $122,307.37 is $30,576.84, which is the amount Plaintiff's Counsel requests as attorneys' fees and not, as Plaintiff's Counsel states, 18.25% of past-due benefits. Osborn Decl. ¶ 24.

## **LEGAL STANDARD**

In reviewing a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified findings of recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, No. 13-CV-1183 (KAM) (JO), 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)). Where there are no objections, the Court reviews an R&R for clear error. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.).

## **DISCUSSION**

Plaintiff objects to the R&R, alleging the magistrate judge committed error by (a) failing to consider "(i) the risk of loss that counsel assumed by taking the case and (ii) whether the fee would result in a windfall to counsel in relation to the services provided"; and (b) offsetting the EAJA award against the total amount of attorneys' fees awarded. Pl. Objection at 3, 5.

The Court has conducted a *de novo* review of the portions of the R&R to which Plaintiff has objected and addresses each in turn.

## I. Timeliness

In his R&R, Magistrate Judge Tiscione determined Plaintiff timely filed the motion for attorneys' fees. Because there is no objection to this finding nor any clear error with respect to the timeliness of the motion, the Court adopts this portion of the R&R.

## II. Reasonableness

In the Social Security Disability context, contingency fees are capped at 25% of past-due benefits, and courts must ensure the resulting fees are "reasonable." 42 U.S.C. § 406(b)(1)(A). The reasonableness analysis requires courts to consider: "the character of the representation and the result the representative achieved," "whether a claimant's counsel is responsible for undue delay," "whether there was fraud or overreaching in the making of the contingency agreement" and "whether a requested fee would result in a 'windfall' to counsel." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). "[S]ince there is no shifting of fees under § 406(b), courts need not be Solomon-like arbiters of 'reasonableness.'" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Instead, "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.*

"In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854. Among other things, courts also consider "the ability and expertise of the lawyers and whether they were particularly efficient," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55. To reduce a fee solely on the basis that it represents a windfall, a court must find it is "truly clear that the fee is unearned by counsel." *Id.*

In the present case, the amount requested by Plaintiff's Counsel is not greater than twenty-five percent of the past due benefits granted, as required by statute and the parties' retainer agreement, and there is no indicia of fraud or overreach. Furthermore, Plaintiff ultimately received a favorable award of past-due benefits totaling $122,307.37.

However, the Court finds the *de facto* hourly rate of $826.40 is unreasonable under the circumstances of this case and would represent a windfall. Although courts in this circuit have found fees similar to those requested in this case to be both reasonable and unreasonable, *see* Pl. Objection at 4 and Def. Resp. at 2, ECF No. 31, the Court "must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854.

First, in the present case, "the ability and expertise of the lawyers and whether they were particularly efficient" weigh in favor of a fee adjustment. Plaintiff's Counsel expended 37 hours in this action, which is on the higher end of what is typically required in a relatively straightforward Social Security case. *See Bass v. Kijakazi*, No. 16 CIV. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (McCarthy, Mag. J.) ("District courts within this Circuit endorse a twenty to forty-hour range as 'reasonable' for 'a typical Social Security

disability appeal in federal court.'") (citations omitted). In *Fields*, plaintiff's counsel expended 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and securing a stipulation of dismissal. *Fields*, 24 F.4th at 854. However, the Second Circuit found counsel's representation to be "particularly efficient," noting "other lawyers might reasonably have taken twice as much time" to do the same work and approving a *de facto* hourly rate of $1,556.98. Here, the transcript was 644 pages, ECF No. 21, the opening brief was 19 pages, ECF No. 17, and Plaintiff's Counsel drafted a 7-page reply brief, ECF No. 20. The 37 hours expended by Plaintiff's Counsel in this case, while high, is not by itself unreasonable. *See Hughes v. Saul*, No. 1:20-CV-01609, 2022 WL 2161191, at *2 (E.D.N.Y. June 15, 2022) (Block, J.) (finding 38.2 hours spent on a federal Social Security disability benefits case to be "reasonable"); see also *Robert J. v. Comm'r of Soc. Sec.*, No. 1:18-CV-00458 EAW, 2022 WL 1536710, at *2 (W.D.N.Y. May 16, 2022) (finding 38.6 "hours expended by counsel on the case were reasonable in light of the issues presented"). However, the Court also notes Plaintiff's Counsel lacked experience in the Social Security context at the time this action was initiated. Osborn Law began representing Social Security claimants in federal court "[i]n late 2017," Osborn Decl. ¶ 6, right around the time Plaintiff engaged the firm in connection with his Social Security case. *Id.* ¶ 8. Plaintiff's Counsel also requested multiple extensions for a total of 300 additional days to file Plaintiff's motion for judgment on the pleadings. *See* Letter Mots., ECF Nos. 8, 10, 11, 13. Although the delays in this case were not "undue," they were significant, with the Court granting four extensions despite Plaintiff having two attorneys working on his case. Osborn Decl. ¶¶ 1, 4. Accordingly, this factor justifies a downward adjustment.

Second, "the nature and length of the professional relationship with the claimant" weighs in favor of a fee reduction. Osborn Law did not represent Plaintiff before the SSA, Osborn Decl.

¶ 8, resulting in "necessarily less efficient" briefing before this Court. *Schultz v. Comm'r of Soc. Sec.*, No. 18-CV-5919 (PKC), 2022 WL 2918237, at *3 (E.D.N.Y. July 25, 2022) (Chen, J.) (contrasting the efficiency of counsel beginning representation at the agency level with counsel beginning representation before the district court); *see also Hickey v. Comm'r of Soc. Sec.*, No. 18-CV-7053 (PKC), 2022 WL 2918234, at *3 (E.D.N.Y. July 25, 2022) (Chen, J.) (same, despite finding nature and length of relationship factor to weigh against a fee reduction given the minimal hours worked). This factor thus justifies a downward adjustment.

Third, regarding "the satisfaction of the disabled claimant," the Court notes Plaintiff's Counsel achieved a favorable outcome for Plaintiff. However, that outcome was delayed in part because of Plaintiff's Counsel's requests for deadline extensions, causing Plaintiff to forego benefits for several months. *See Schultz*, 2022 WL 2918237, at *4 (finding a downward fee adjustment appropriate in part because counsel's delays caused the claimant "to go additional months without [Social Security] benefits"); *see also Fields*, 24 F.4th at 849 ("Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery."). This factor therefore weighs in favor of a downward fee adjustment.

Finally, the uncertainty surrounding whether this case would result in favorable award for Plaintiff and the effort required to achieve that result weighs against a fee reduction. In contingency agreements like the one in the present case, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Velez v. Comm'r of Soc. Sec.*, No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (Krause, Mag. J.) (quoting *Nieves v. Colon*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (Gorenstein, Mag. J.)). Although this case was not as uncertain as the underlying case in *Fields*, where the SSA denied benefits even after one remand from the district court,

*Fields*, 24 F.4th at 850, Plaintiff's application for benefits was nonetheless denied twice by ALJs, adding to the uncertainty surrounding the outcome of the present action. Def. Br. at 5-6, ECF No. 19. Further, Plaintiff's Counsel seeks a substantially lower *de facto* hourly rate than counsel in *Fields*. As a result, this factor does not justify a downward fee adjustment.

Considering each of these factors, the Court finds the requested *de facto* hourly rate of $826.40 represents a windfall for Plaintiff's Counsel. Accordingly, the Court adopts the recommendation by Magistrate Judge Tiscione and reduces the requested award to $18,500.00, representing a *de facto* hourly rate of $500.00.

### III. EAJA Payment

In determining the total fee due to Plaintiff's Counsel, Magistrate Judge Tiscione recommended deducting the $7,622.00 EAJA credit, entered by this Court on June 17, 2020 pursuant to a stipulation by the parties, from the fees awarded under 42 U.S.C. § 406(b). As both Plaintiff's Counsel and the Commissioner note, because the EAJA credit in this case is less than the § 406(b) award, the EAJA credit must be returned to Plaintiff by Plaintiff's Counsel.

When fees are awarded to a claimant's counsel under both the EAJA and 42 U.S.C. § 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796–97 (2002) (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186). Although some out-of-circuit opinions have offset the amount of the EAJA fee against the 42 U.S.C. § 406(b) award, "courts in this Circuit have uniformly denied similar requests to offset section 406(b) fees so as to avoid the reporting of income to the claimant." *Reyes v. Berryhill*, No. 17-CV-7214 (RLM), 2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (Mann, Mag. J.) (citing cases).

The Court therefore directs Plaintiff's Counsel to refund the "smaller fee"—here, the $7,622.00 EAJA credit—to Plaintiff.

## **CONCLUSION**

Upon a careful review of Magistrate Judge Tiscione's R&R and the objections filed thereto, the Court adopts the foregoing portions of the R&R. Accordingly, Plaintiff's motion for attorneys' fees, ECF No. 29, is GRANTED in part and DENIED in part and Plaintiff's Counsel is awarded $18,500.00 in attorneys' fees. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 29 and 33.

SO ORDERED.

/s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2022
      Brooklyn, New York